THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRIAM HERNANDEZ,<br>Plaintiff<br><br>V.<br><br>ALBERTO GONZALEZ, as U.S. Attorney General;<br>KEVIN D. ROONEY, as Director of the Executive<br>Office of Immigration Review,<br>Defendants | ) 2005 AUG 16  P 1:45<br>)<br>)<br>) CIVIL ACTION FILE NO.<br>)<br>) 05-11466-JLT<br>)<br>)<br>) |

PLAINTIFF'S COMPLAINT
FOR WRIT OF HABEUS CORPUS PURSUANT TO
28 USC Section 2241

NOW comes Miriam Hernandez, Plaintiff in the above-captioned matter, and hereby states as follows:

1. This action is brought against the Defendants to request that the District Court take jurisdiction of the petitioner's applications pursuant to 28 U.S.C.A. § 2241 which identifies the authority granted to the district courts and any circuit judge within their respective jurisdictions to grant relief to an individual that is held in custody in violation of the Constitution or laws or treaties of the United States.

PARTIES

2. Plaintiff, Miriam Hernandez, is an individual who resides at 387 Market Street, apt. 4, Lowell, Massachusetts, who properly filed an I-485 Petition for an Immigrant Visa as the spouse of a U.S. Citizen with the U.S. Citizenship & Immigration Services (USCIS).

3. Defendant Alberto Gonzalez is the Attorney General of the United States of America, and this action is brought against him in his official capacity. He is generally charged with proper enforcement of the laws of the United States of America, including but not limited to decisions of the U.S. Citizenship and Immigration Judges. 28 C.F.R. § 0.15.

4. Defendant Kevin D. Rooney is the Chief Immigration Judge of the Executive Office of Immigration Review and generally charged with the general supervision of the Board of Immigration Appeals and the Office of the Chief Immigration Judge in the execution of their duties. 8 CFR § 1003.0 (a).

JURISDICTION

6. Jurisdiction in this case is proper under 28 USC §§1331 and 1361, 5 USC § 701 *et seq.*, 28 USC § 2201 *et seq.*, 28 USC § 2241 *et seq.* Relief is requested pursuant to said statutes.

## VENUE

7. Venue is proper in this court, pursuant to 28 USC §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where a Defendant is located and performs his official duties.

## CAUSE OF ACTION

8. On or about June 25, 2003 an I-130 petition for alien relative was filed by the Plaintiff's U.S. citizen husband, which was approved on December 6, 2004. (See Attached Exhibit A). Subsequently, the Plaintiff properly filed an application for an I-485 Petition, pursuant to INA §§ 245 with the USCIS on July 1, 2005.

9. On or about April 11, 2003 the Plaintiff filed an application with the Rhode Island Department of Motor Vehicles requesting an identification card using the name and birth certificate of one Eneri Marcano Santiago. The aforementioned document was used for the purpose of obtaining an identification card and not for any other purpose or benefit. Pursuant the Department of Homeland Security's Form I-831 paragraph 3, this action is not considered a claim of U.S. Citizenship. (See Form I-831, pg. 1, paragraph 3).

10. On or about July 2004 the Petitioner appeared before the United States Immigration Court in Boston on a false claim of U.S. Citizenship. The Immigration Service issued a ruling that the Plaintiff falsely claimed to be a U.S. Citizen despite the fact that the record showed she had never made such a claim.

11. The Defendant's have failed to adjudicate her residency petition and improperly found that she was in violation of INA § 237 a (3) (e). The Plaintiff did not falsely represent herself to be a U.S. citizen as required to establish a finding of a false claim of U.S. citizenship pursuant to INA § 237 (a)(3)(d) and as such her I-485 petition to adjust to legal permanent resident status should be granted.

11. Defendants' improper finding of that the Plaintiff falsely claimed to be a U.S. Citizen and refusal to adjudicate the Plaintiff's petition in this case is, as a matter of law, arbitrary, erroneous, and not in accordance with the law. Defendants willfully, and unreasonably, have refused to adjudicate her petition, thereby depriving the Plaintiff of her constitutionally protected liberty rights to which she is entitled.

12. The Plaintiff has been greatly damaged by the failure of Defendants to act in accord with their duties under the law. She has been unfairly, improperly and unconstitutionally restrained by the U.S. government through the Department of Homeland Security and its various agencies. The Plaintiff has been restrained from working freely, traveling without restriction, and from accruing time to obtain the benefit of naturalization.

13. Additionally the Defendants have violated the Administrative Procedures Act, 5 USC §701 *et seq.*, are unlawfully withholding or unreasonably delaying action on the Plaintiff's applications without cause and have failed to carry out the adjudicative functions delegated to them by law with regard to the Plaintiff's case.

14. The Plaintiff has provided sufficient evidence in an attempt to secure adjudication of these applications at issue, all to no avail. Furthermore, the Plaintiff had no ability to

review the erroneous order of the immigration judge during the course of proceedings since there is no interrogatory appeal ability. Accordingly, the Plaintiff has been forced to retain the services of his attorney to pursue the instant action.

## PRAYER

15. WHEREFORE, in view of the arguments and authority noted herein, the Plaintiff's respectfully pray that the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order:

   (a) requiring Defendants to properly adjudicate Plaintiffs applications for action on an valid petitions;

   (b) requiring Defendants to provide the Plaintiffs with a Notice of Approval;

   (c) awarding Plaintiffs reasonable attorney's fees; and

   (d) granting such other relief at law and in equity as justice may require.

Respectfully submitted,

_____
Desmond P. FitzGerald
FitzGerald & Company, LLC
18 Tremont Street, Suite 210
Boston, Massachusetts 02108
Telephone (617) 523-6320
Facsimile (617) 523-6324
dfitzgerald@fitzgeraldlawcompany.com
BBO No. 634881

Miriam Hernandez, Plaintiff

EXHIBIT A

Copy of I-130 Petition for Alien Relative Approval Notice

U.S. Department of Homeland Security
JFK Federal Building – Room E-170
Boston, MA 02203



**U.S. Citizenship and Immigration Services**

## NOTICE OF APPROVAL OF RELATIVE IMMIGRANT VISA PETITION

NAME AND ADDRESS OF PETITIONER:

Mr. Jose Colon Gonzalez
387 Market St., # 4
Lowell, MA 01854

NAME OF BENEFICIARY: Miriam Hernandez Montoya

CLASSIFICATION: I-130 approved CR-1

FILE NO: A # 96 115 939

DATE PETITION FILED: 6/25/03

DATE PETITION APPROVED: 12/6/04

The visa petition you filed has been approved. The beneficiary for whom you filed has been given the appropriate classification. Note the approval gives no assurance that the beneficiary will automatically be found eligible for visa issuance, admission to the United States or adjustment to lawful permanent resident status. Whether the beneficiary gets a visa is decided only when an application is made to a consular officer; whether the beneficiary is admitted or adjusts status in the United States is decided only when an application is made to an immigration officer.

☑ 1. YOUR PETITION TO CLASSIFY THE BENEFICIARY AS AN IMMEDIATE RELATIVE OF A UNITED STATES CITIZEN HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT Natl. Visa Ctr., Portsmouth, NH. THIS COMPLETES ALL ACTION BY THIS SERVICE ON THE PETITION. THE UNITED STATES CONSULATE THAT IS PART OF THE DEPARTMENT OF STATE WILL CONTACT THE BENEFICIARY AND GIVE INSTRUCTIONS ABOUT GETTING A VISA. QUESTIONS ABOUT GETTING A VISA SHOULD BE MADE TO THE UNITED STATES CONSUL.

☐ 2. IF YOU BECOME A NATURALIZED CITIZEN OF THE UNITED STATES AND AN IMMIGRANT VISA HAS NOT YET BEEN ISSUED TO THE BENEFICIARY, NOTIFY THIS OFFICE IMMEDIATELY GIVING THE DATE OF YOUR NATURALIZATION. IF THE PETITION WAS IN BEHALF OF YOUR SON OR DAUGHTER, PLEASE ADVISE WHETHER THAT PERSON IS STILL UNMARRIED. THIS INFORMATION MAY BE HELPFUL TO THE BENEFICIARY IN GETTING A VISA FASTER.

☐ 3. YOUR PETITION FOR PREFERENCE CLASSIFICATION HAS BEEN FORWARDED TO THE UNITED STATES CONSULATE AT_____. THIS COMPLETES ALL ACTION BY THE SERVICE. THIS SERVICE DOES NOT ISSUE VISAS IN OTHER COUNTRIES. VISAS ARE ISSUED ONLY BY UNITED STATES CONSULS WHO ARE EMPLOYEES OF THE UNITED STATES DEPARTMENT OF STATE. WHEN THE BENEFICIARY'S TURN IS REACHED ON THE VISA WAITING LIST, THE UNITED STATES CONSUL WILL CONTACT THE BENEFICIARY AND GIVE INSTRUCTIONS ABOUT GETTING A VISA. VISAS ARE ISSUED ACCORDING TO THE DATE THE PETITION WAS FILED. QUESTIONS ABOUT GETTING A VISA SHOULD BE ADDRESSED TO THE UNITED STATES CONSUL.

☐ 4. YOUR PETITION SAYS THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. THE ENCLOSED APPLICATION, (FORM I-485), SHOULD BE COMPLETED AND SUBMITTED BY THE BENEFICIARY WITHIN 30 DAYS. (IF THE BENEFICIARY PREVIOUSLY SUBMITTED SUCH AN APPLICATION AND HAD IT RETURNED, IT SHOULD BE RESUBMITTED WITHIN 30 DAYS.)

☐ 5. THE BENEFICIARY WILL BE INFORMED OF THE DECISION MADE ON THE PENDING APPLICATION TO BECOME A LAWFUL PERMANENT RESIDENT.

☐ 6. THE PETITION SAYS THAT THE BENEFICIARY IS IN THE UNITED STATES AND WILL APPLY TO BECOME A LAWFUL PERMANENT RESIDENT. THE BENEFICIARY MAY NOT APPLY TO BECOME A PERMANENT RESIDENT, HOWEVER, UNTIL A VISA NUMBER IS AVAILABLE. INFORMATION ABOUT VISA NUMBERS MAY BE OBTAINED FROM THE UNITED STATES DEPARTMENT OF STATE, BUREAU OF CONSULAR AFFAIRS, WASHINGTON, D.C.

☐ 7. ORIGINAL DOCUMENTS SUBMITTED IN SUPPORT OF YOUR PETITION UNACCOMPANIED BY COPIES HAVE BEEN MADE A PERMANENT PART OF THE PETITION. ANY OTHERS ARE BEING RETURNED WITH THIS FORM.

☐ 8. REMARKS:

VERY TRULY YOURS,

*Denis C. Riordan*
DENIS C. RIORDAN
DISTRICT DIRECTOR

cc: Ms. Elizabeth Traina, Esq.

FORM I-171 (REV. 3/4/82)