UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIRIAM HERNANDEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CHERTOFF, as Secretary ) <br> of the Department of Homeland Security; ) <br> EDUARDO AGUIRRE, Director of the ) <br> U.S. Citizenship & Immigration Services; ) <br> DENNIS RIORDAN, as District Director ) <br> of the U.S. Citizenship & Immigration ) <br> Services for the Boston District Office, ) <br> ) <br> Defendants. ) <br> ) | Civil No. 05-11466-JLT |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Michael Chertoff, as Secretary of the Department of Homeland Security; Eduardo Aguirre, Director of the U.S. Citizenship & Immigration Services, Dennis Riordan, as District Director of the U.S. Citizenship & Immigration Services for the Boston District Office (hereinafter collectively "Defendants"), by their Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, move this Court to issue an order dismissing the Plaintiff's Complaint because this court lacks jurisdiction over writs of habeas corpus in immigration cases and plaintiff failed to exhaust her administrative remedies.

**I.    Introduction**

Miriam Hernandez ("Plaintiff") filed a complaint for writ for habeas corpus on July 11, 2005, alleging that Defendants, in their official capacities, violated her constitutional rights by restraining her and refusing to adjudicate her I-485 Petition  (Pl's Compl. ¶¶ 11-12).

Specifically, Plaintiff alleges that Defendant should have adjudicated this petition and "adhere[d] to their own regulations" by acting on the application for an I-485 Petition (*Id*). Plaintiff asserts jurisdiction under 28 U.S.C. § 2241, 28 U.S.C. §§ 1331 and 1361, 5 U.S.C. § 701, and 28 U.S.C. § 2201 (*Id.* at ¶¶ 1, 6). Congress, however, eliminated this Court's jurisdiction with regard to *any* proceeding seeking to challenge the validity of an order of removal (directly or indirectly) by passing the Real ID Act on May 11, 2005. *See* Pub. L. No. 109-13, Stat. 231, 8 U.S.C. § 1252 (LexisNexis 2006). Assuming (without conceding) that Plaintiff's claims are wholly meritorious and worthy of relief, the sole and exclusive court with jurisdiction to entertain such claims is the First Circuit. Furthermore, this court lacks jurisdiction because Plaintiff has failed to exhaust her administrative remedies. Since the Real ID Act and the doctrine of administrative exhaustion bar the type of relief Plaintiff requests, this complaint should be dismissed.

## II. PERTINENT FACTUAL BACKGROUND

Plaintiff's Complaint, filed July 11, 2005, is styled as a writ for habeas corpus under 28 U.S.C. §2241 (*See* Pl's Compl.). It alleges improper actions on behalf of Defendants in their official capacities and deprivation of liberty in violation of the United States Constitution. The facts are as follows.

In December of 2005, the Department of Homeland Security ("DHS") interviewed Hernandez in connection with her I-130 Petition for Alien Relative (Pl's Compl. at ¶8). After this petition was approved, Plaintiff filed an application for an I-485 Petition (Id). DHS scheduled an interview in connection with the I-485 Petition on July 11, 2005. Subsequently, DHS initiated removal proceedings after discovering that Plaintiff was illegally in the country when she lied about her citizenship status on an application for a driver's license. Immigration

Judge Patricia Sheppard issued an interim order in favor of the government. Plaintiff appealed this order to the Board of Immigration Appeals ("BIA"). Concurrently, Plaintiff also filed this writ for habeas corpus. The final order of removal is still pending before the BIA.

## III.  ARGUMENT

### A.  THIS COURT LACKS SUBJECT MATTER JURISDICTION TO ENTERTAIN CHALLENGES TO THE VALIDITY OF THE ORDER OF REMOVAL

#### 1.  Background

In 1996, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), § 401(e), Pub. L. No. 104-132, 110 Stat. 1214 (1996), repealed the use of habeas corpus permitted under former INA § 106(a)(10) to seek review of an order of deportation. Later that year, Congress enacted the Illegal Immigration Reform and Immigration Responsibility Act ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (1996). That Act repealed former INA § 106 and established a new INA § 242, 8 U.S.C. § 1252, providing for judicial review in the court of appeals by way of petition for review under the provisions of the Hobbs Act (28 U.S.C. § 2341, *et seq*.). IIRIRA § 306(a)(2). That iteration of the INA § 242(a)(2)(c), also barred certain criminal aliens from seeking judicial review in the courts of appeals.

In INS v. St, Cyr, 533 U.S. 289 (2001), the Supreme Court held that these 1996 reforms did not repeal district court habeas corpus jurisdiction. Noting the strong presumption in favor of judicial review of administrative action and the "longstanding" rule requiring a clear statement of congressional intent to repeal habeas jurisdiction, *id.* at 298, the Court concluded that habeas jurisdiction existed for a criminal alien raising a pure question of law which could be brought in no other forum. *See,* e.g., Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002). The Court also acknowledged that, without raising any constitutional questions, Congress could

provide an adequate substitute for habeas review through direct review in the courts of appeals of issues that otherwise would fall within the scope of habeas jurisdiction, if it so chose. St. Cyr, 533 U.S. at 314 n.38.

### 2. The Jurisdictional Amendments of the Real ID Act

On May 11, 2005, Congress passed the Real ID Act. *See* Pub. L. No. 109-13, Stat. 231, 8 U.S.C. § 1252 (LexisNexis 2006). This legislation clearly and expressly grants sole jurisdiction to the courts of appeals for judicial review of removal orders. The Real ID Act streamlines the process of judicial review, consolidating jurisdiction to entertain any and all legal or constitutional challenges to the validity of an order of removal in the courts of appeals. *See, e.g.,* Ishak v. Gonzales, 422 F.3d 22, 28 (1st Cir. 2005) ("By channeling review to the courts of appeals, Congress sought to streamline what it saw as a 'bifurcated and piecemeal' review of orders of removal.") (Citing H.R. Conf. Rep. No. 109-72, at 173-75 (2005)).

The sum of the amendments leaves no doubt that habeas corpus is no longer a permissible route for an alien to challenge the validity of an order of removal. *See* Ishak, 422 F.3d at 28 ("The plain language of these amendments, in effect, strips the district court of habeas jurisdiction over final orders of removal, including orders issued prior to enactment of the Real ID Act.").

This jurisdiction shifting is accomplished by two relevant amendments. First, Section 106(a)(1)(B) of the Act reads, in pertinent part:

> EXCLUSIVE MEANS OF REVIEW. – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a*

*petition for review filed with an appropriate court of appeals[1] in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act . . . .*

8 U.S.C. § 1252(a)(5) (LexisNexis 2006) (emphasis added).

Second, Section 106(a)(2) of the Real ID Act expressly eliminates all other bases of jurisdiction to challenge the validity of removal orders:

> CONSOLIDATION OF QUESTIONS FOR JUDICIAL REVIEW - Judicial Review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this title shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of title 28, United States Code, or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (LexisNexis 2006).

The plain and unambiguous language of this statute requires any appeal from an order of removal, including writs for habeas corpus like Plaintiff's Complaint, to be brought in the appellate courts. Therefore, on May 11, 2005, the district courts "lost jurisdiction" over habeas claims. Enwonwu v. Gonzalez, 438 F.3d 22, 24 (1st Cir. 2006).

On more than one occasion, the First Circuit found that the Real ID Act stripped the district courts of subject matter jurisdiction for habeas petitions. *See, e.g.,* Ishak, 422 F.3d 22 (1st Cir. 2005). In Ishak, the court affirmed that "[t]he Real ID Act provides unequivocally that a petition for direct review in the court of appeals shall be the exclusive means for judicial review of an order of removal." Id. at 27. Furthermore, the Real ID Act, "in the plainest of

---

[1] *See* 8 U.S.C. §1252(b)(2) (prescribing venue in review of a removal order, "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings.").

language, deprives the district courts of jurisdiction in removal cases." Id. at 27-28.  This plain language "in effect, strips the district court of habeas jurisdiction over final orders of removal." Id. at 29; Enwonwu, 438 F.3d at 27.  Thus, under the Real ID Act, the district courts simply do not have jurisdiction to hear any habeas corpus claims challenging orders of removal.  Therefore, Plaintiff's complaint should be dismissed.

**B.      PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES**

In addition to stripping the district courts of jurisdiction to hear habeas claims in removal hearings, the Real ID Act also requires an alien to exhaust all administrative remedies.  8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal *only* if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . .") (emphasis added).  Plaintiff cannot argue that she has exhausted all her remedies because she has an appeal pending with the BIA in this very case.  Plaintiff has appealed the interim order of Immigration Judge Sheppard, and the BIA has not issued a final order on her case.  Therefore, the plain language of the statute dictates that this Complaint was not proper and should be dismissed.

The doctrine of exhaustion of administrative remedies is clearly established in immigration law.  This doctrine serves to bar any appeal of an issue not raised before the BIA.  Olujoke v. Gonzalez, 411 F.3d 16, 22-23 (1st Cir. 2005).  In fact, the First Circuit expressly held that the Court of Appeals does not have jurisdiction to consider points not squarely raised before the BIA.  Makhoul v. Ashcroft, 387 F.3d 75, 80 (1st Cir. 2004); Alvarez-Flores v. INS, 909 F.2d 1, 8 (1st Cir. 1990).  Since the BIA has not ruled on the Plaintiff's appeal, any action prior to such a ruling is premature and should be dismissed due to Plaintiff's failure to exhaust her administrative remedies.

## IV. CONCLUSION

For the foregoing reasons[2], Defendants respectfully request that the Plaintiff's Complaint be dismissed in its entirety.

Respectfully submitted,

UNITED STATES OF AMERICA,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Rayford A. Farquhar
RAYFORD A. FARQUHAR
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210

Dated: May 1, 2006                                                 (617) 748-3100

### CERTIFICATE OF SERVICE

I, Rayford A. Farquhar, Assistant United States Attorney, hereby certifies that on May 1, 2006 I served a copy of this Motion to Dismiss with Supporting Memorandum by electronic mail to Desmond P. Fitzgerald, FitzGerald & Company, LLC, Suite 210, 18 Tremont Street, Boston, MA 02111.

 /s/ Rayford A. Farquhar
Rayford A. Farquhar
Assistant U.S. Attorney

---

[2] The United States has not articulated every possible case-dispositive defense to Plaintiff's Complaint. Thus, the United States reserves the right to raise additional defenses prior to engaging in discovery, should this case not be dismissed in its entirety.